ORIGINAL

# In the United States Court of Federal Claims

No. 15-1418C
(Filed January 21, 2016)
NOT FOR PUBLICATION

| | |
|---|---|
| RON HADDAD, Jr.,<br><br>　　　　　　Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>　　　　　　Defendant. | FILED<br>JAN 21 2016<br>U.S. COURT OF<br>FEDERAL CLAIMS |

## ORDER

　　On January 11, 2016, the Clerk's office received a document from Mr. Haddad, which was not filed when received because it was not of a type recognizable for filing under our rules. Instead of being in the form of a motion, the document is called an "Order," although it seems to be a request that a default judgment be entered in this case. Taking plaintiff's *pro se* status into consideration, the Court will construe the document as a motion for a default judgment under Rule 55 of the Rules of United States Court of Federal Claims (RCFC). The Clerk is directed to file the document as such.

　　The document is nearly identical to a document plaintiff submitted on the same day bearing case number 15-1075C. It appears, based on a "Proof of Service" appended to the back, that another copy was submitted to the Seventh Circuit.† The document discusses, and contains attachments pertaining to, plaintiff's two cases remaining in our court, and two cases (numbered 15-1398 and 15-3803) before the Seventh Circuit. On January 19, 2016, the Clerk's office received a corrected version of the document, minus the attachments, which was not filed when received

---

† The "Proof of Service" certificates plaintiff submitted do not unambiguously claim that he served the documents on opposing parties, but instead seem to demand that the clerks of the two courts do so for him, due to his limited resources. Although the Court notes that plaintiff's resources have been sufficient to allow him to submit numerous documents in his three proceedings in this court, the Clerk is directed to send a copy of these documents to government counsel.

for the same reason described above. The Clerk is directed to file it as an amendment to the motion for a default judgment, and the Court will consider the corrected version plus the initial attachments.

Plaintiff contends that a default judgment is appropriate because two documents, which were treated as an amendment to the complaint, see Order (Dec. 23, 2015), were not responded to by the government within a ten-day deadline that he allegedly imposed. But our rules do not allow plaintiffs to impose their own deadlines for responses to their papers. Since the documents amended the complaint, the government had until January 19, 2016, to respond. See RCFC 12(a)(1)(A), (a)(4); id. 15(a)(3). The government's motion to dismiss the case was received and filed by the deadline. Accordingly, there is no proper ground, under RCFC 55, for default or a default judgment, and Mr. Haddad's motion is **DENIED**. The government need not respond to the motion.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge