

ORIGINAL

# In the United States Court of Federal Claims

No. 15-1418C
(Filed January 30, 2017)
NOT FOR PUBLICATION

FILED
JAN 30 2017
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
\*
**RON HADDAD, Jr.,**  \*
\*
  Plaintiff,  \*
 v.  \*
\*
**THE UNITED STATES,**  \*
\*
  Defendant.  \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

  This is the fourth in a series of cases filed in our court by plaintiff Ron Haddad, Jr., concerning alleged violations of law in connection with his conviction of federal crimes in a U.S. district court, and with his efforts to challenge that conviction in the district court and the Seventh Circuit. This complaint was filed before his three earlier-filed cases were dismissed for lack of subject matter jurisdiction. *See Haddad v. United States* (*Haddad I*), Nos. 15-640C & 15-820C, 2015 WL 7730933 (Fed. Cl. Nov. 30, 2015); *Haddad v. United States* (*Haddad II*), No. 15-1075C, 2016 WL 5660266 (Fed. Cl. Sept. 30, 2016). Thus, it is understandable that Mr. Haddad, representing himself in these matters, failed to realize at that time that our court has not been given the authority by Congress to address the matters of which he complains. But as explained below, even if everything Mr. Haddad alleges is true, our court is without power to address it. Accordingly, defendant's motion to dismiss this case pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) is **GRANTED** due to plaintiff's failure to state a claim within this court's subject-matter jurisdiction.

## I. BACKGROUND

On November 19, 2015, Mr. Haddad filed a complaint purporting to name 14 individuals as defendants.[1] In complaints filed in our court, the United States is the only proper defendant. *See* RCFC 10(a); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Taking plaintiff's *pro se* status into consideration, the Court construes his complaint to be against the United States and proceeds on that basis.

Plaintiff is currently serving a 150-month prison sentence after being convicted of 30 separate counts of mailing threatening communications in violation of 18 U.S.C. §§ 875(c) and 876(c). *United States v. Haddad*, No. 09 CR 115, 2015 WL 161659, at *1 (N.D. Ill. Jan. 13, 2015). His trial was held before Judge Virginia M. Kendall on the United States District Court for the Northern District of Illinois. *Id.* On June 13, 2011, the Executive Committee of the United States District Court for the Northern District of Illinois (Executive Committee) issued an order limiting Mr. Haddad's ability to file new civil *pro se* cases before that court, citing thirteen cases Mr. Haddad filed before that court that had been "primarily dismissed due to lack of standing, failure to state a claim, lack of federal jurisdiction, duplicate filing, or frivolous complaint." Executive Committee Order, *In re Ron Haddad, Jr.*, No. 11 C 3934, at 1 (N. Dist. Ill. June 13, 2011), ECF No. 1.

As the basis for our court's jurisdiction, Mr. Haddad cites the following provisions of the United States Constitution: Article I, clause 7;[2] Article II, section 4; Article III, section 1; Article VI, clause 2[3]; and the Fourth, Eighth, and Fourteenth Amendments. Pl.'s Compl. ¶¶ 1–2. Plaintiff claims that the named defendants lied and committed fraud and breach of trust against him, resulting in a false indictment and wrongful conviction and imprisonment. Compl. ¶ 1, 2. Judge Kendall is accused multiple times in the complaint of lying and enabling the named

---

[1] Plaintiff names as defendants Asst. U.S. Attorney William Ridgway; current and former U.S. Attorneys Zachary Fardon, Patrick J. Fitzgerald, and Gary Shapiro; FBI agents Alex Reina and Adam Schultz; attorneys Andrea E. Gambino, Howard D. Weisman, Robert S. Nathan, and Nishay K. Sanan; federal defender Piyush Chandra; U.S. District Court Judge Ruben Castillo; district court clerk Thomas G. Bruton; presentencing investigator Sarah Kieckhafer; and John Does 1–100. Compl. at 1. Judge Castillo and Mr. Bruton were also named as defendants in *Haddad II*, and Ms. Kieckhafer was named in *Haddad I*.

[2] The Court interprets this provision to refer to Article I, *section 3*, clause 7, which concerns the punishment for impeachment.

[3] The Court interprets this provision to refer to Article III, *section 1*, which establishes judges' tenure in office during good behavior.

defendants to do the above-referenced acts.[4] *Id.* ¶¶ 1, 3, 4. He further alleges that on February 9, 2009, "property belonging to [him and his family]" was wrongfully seized under the Federal Rules of Criminal Procedure (FRCP). *Id.* ¶ 1. Plaintiff's requested relief is "the immediate complete return of all [the improperly] seized property," *id.* ¶ 1, an award of $20 million, and a lifetime ban on further public service by the named defendants, *id.* at 6.

The government filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim under RCFC 12(b)(1) and 12(b)(6). Def.'s Mot. Dismiss at 1 (Def.'s Mot.). The government argues that Mr. Haddad does not identify a money-mandating provision which gives this court jurisdiction, and that Mr. Haddad's grievances, which relate to his criminal conviction and case management matters before the U. S. District Court for the Northern District of Illinois, cannot create a basis for an action in this court. *Id.* at 5–6. Defendant also contends that even if the complaint were construed as seeking compensation for unjust conviction and imprisonment under 28 U.S.C. § 1495, dismissal would be warranted. Def.'s Mot. at 7.

Although plaintiff has submitted numerous documents after the government's motion was filed, none appear to be a response to that motion. Nonetheless, taking Mr. Haddad's *pro se* status into consideration, the Court has scrutinized all of his filings in this case, as well as pages from a document filed in *Haddad II* that plaintiff intended for filing in this matter, *see* No. 15-1075, ECF No. 12, at 6–13, in an attempt to find some basis for jurisdiction over this case. As explained below, no basis for our court's jurisdiction has been found.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-

---

[4] Judge Kendall was the named defendant in two consolidated cases Mr. Haddad previously filed before this court, which were subsequently dismissed. *See Haddad v. United States*, Nos. 15-640C & 15-820C, 2015 WL 7730933 (Fed. Cl. Nov. 30, 2015).

movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Although a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction---here, Mr. Haddad---bears the burden of establishing it and must ultimately do so by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

## B. Analysis

Taking into consideration Mr. Haddad's *pro se* status by broadly construing his arguments and, of course, assuming that all of his allegations are true, the Court still finds that none of his claims fall within our jurisdiction. This court cannot entertain a case unless a jurisdictional basis has been properly invoked.

For a statutory or constitutional violation to come within the jurisdiction of this court, the statute or clause allegedly violated must contain a provision that entitles one to money damages. *See United States v. Testan*, 424 U.S. 392, 398 (1976); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005); *see also Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1976) (explaining that our court does not have jurisdiction to hear "every claim involving or invoking the Constitution"). None of the constitutional provisions Mr. Haddad cites are money-mandating provisions. Plaintiff cannot base our jurisdiction on violations of the Fourth and Eighth Amendments, as those amendments do not mandate the payment of money damages when violated. *See Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (Fourth Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment). Further, to the extent plaintiff relies on the Due Process Clause of the Fourteenth Amendment, it is not money-mandating. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed.Cir.2013). In addition, the Fourteenth Amendment does not apply to the actions of the federal government. *Fry v. United States*, 72 Fed. Cl. 500 (2006) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987)).

The other portions of the Constitution identified by plaintiff similarly lack any reference to an entitlement to money damages for their violation. Two provisions concern the removal from and disqualification for federal office upon impeachment and conviction. U.S. CONST., art. I, § 3, cl. 7; *id.*, art. II, § 2. Another explains that judges shall hold their offices during good behavior. *Id.*, art. III, § 1. The last one makes the Constitution and proper legislation the supreme law of the land and binds judges to it. *Id.*, art. VI, cl. 2. Other than the guarantee that federal

judges will not have their compensation diminished while in office, *id.*, art. III, § 1; *see United States v. Hatter*, 532 U.S. 557, 560–61 (2001), no money mandate can be found among these provisions. And the statute mentioned in the complaint, 28 U.S.C. § 455, deals with the circumstances when a judge shall disqualify herself and contains no provision for monetary relief, thus failing to support a claim within our jurisdiction.

Nor can a basis for jurisdiction be found in provisions cited by plaintiff in other filings. *See, e.g.*, Status Report at 1, ECF No. 13 (Feb. 5, 2016). In this context, the Due Process Clause of the Fifth Amendment is not money-mandating.[5] *Smith v. United States*, 709 F.3d 1114, 1116 (Fed.Cir.2013). Nor is the Sixth Amendment. *Dupre*, 229 Ct. Cl. at 706. The provision in title 28 concerning declarations under penalty of perjury, 28 U.S.C. § 1746, says nothing about payment of money damages, and the habeas corpus provisions, 28 U.S.C. §§ 2241, 2254, have nothing to do with our court. And the criminal code provision concerning false declarations, 18 U.S.C. § 1623, neither provides for payment of money damages to private individuals nor supports the creation of any fiduciary duties on the part of the government.[6] In any event, our court lacks jurisdiction over violations of criminal law. *See Stanwyck v. United States*, 127 Fed. Cl. 308, 313–15 (2016).

Even if Mr. Haddad's allegations regarding the February 9, 2009 seizure of property could somehow be construed as raising a takings claim under the Fifth Amendment, the Court notes that the running of the six-year statute of limitation would place this claim outside of our jurisdiction. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008); 28 U.S.C. § 2501.[7] And as explained in *Haddad II*, 2016 WL 5660266, at *4, for our court to have jurisdiction over an unjust imprisonment claim under 28 U.S.C. § 1495, a plaintiff must allege and prove that his conviction has been reversed or set aside on the ground that he is not guilty or pardoned and that he did not commit the acts which were the basis of his conviction, in accordance with the requirements of 28 U.S.C. § 2513(a). *See Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (per curiam). Here, defendant has not

---

[5] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim concerns an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

[6] This provision is cited in Mr. Haddad's motion to add Judge Kendall as a party to this matter. *See* ECF No. 14 (Oct. 17, 2016) at 1.

[7] Mister Haddad's claim is actually based on a violation of Rule 41 of the Federal Rules of Criminal Procedure, *see* Compl. ¶ 1, which provides for a remedy not in our court but "in the district where the property was seized," FED. R. CRIM. P. 41(g).

alleged that his conviction has been set aside --- to the contrary, he is currently serving a 150-month sentence in prison. Accordingly, section 1495 provides no basis for the exercise of jurisdiction over Mr. Haddad's case.

To the extent that Mr. Haddad is requesting that this court review the actions of the U.S. District Court for the Northern District of Illinois, this court lacks jurisdiction. This court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that our court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts"). Neither does this court have jurisdiction to "consider claims which amount to collateral attacks on criminal convictions." *Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013); *see also Stanwyck*, 127 Fed. Cl. at 313–15.

As recounted above, our court lacks jurisdiction over the subject-matter of plaintiff's complaint, and dismissal is warranted under RCFC 12(b)(1).

### III. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss this case for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1), is **GRANTED**. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge